UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVIS,

    Plaintiff,

v.                                                                                       Case No. 05-72354

STATE FARM AUTOMOBILE
INSURANCE COMPANY,                                            HONORABLE AVERN COHN

    Defendant.

_____/

**MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND**[1]

I.  Introduction

This is an insurance dispute.  Plaintiff Michael Davis is suing defendant State Farm Mutual Automobile Insurance Company (State Farm) for breach of contract for refusal to provide coverage for expenses incurred after an automobile accident.

Before the Court is Davis' motion to remand.  For the reasons that follow, the motion is DENIED.

II.  Background

On September 7, 1987, Davis was struck by an automobile while riding a moped and suffered injuries.  At the time, Davis was insured with State Farm under a no-fault policy.  State Farm apparently refused coverage.

---

[1]After review of the parties' papers, the Court finds that oral argument is not necessary.  See E.D. Mich. LR 7.1(e)(2).

1

On March 1, 2005, Davis filed suit against State Farm in Washtenaw County Circuit Court claiming breach of contract and seeking a declaration of rights between the parties.

On June 14, 2005, State Farm removed the case to federal court on the grounds of diversity of citizenship. Davis has moved to remand on the grounds that there is no diversity of citizenship because State Farm is considered a citizen of the same state under 28 U.S.C. § 1332(c)(1).

### III.  Analysis

#### A.

28 U.S.C. § 1332(c)(1) provides:

> In any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen.

Davis is a citizen of Michigan. State Farm is an Illinois corporation with its principal place of business in Illinois. It is undisputed that Davis seeks in excess of $75,000.000. Thus, diversity of citizenship appears to exist. The question before the Court, however, is whether 28 U.S.C. § 1332(c)(1) applies to the dispute such that Davis' Michigan citizenship is imputed to State Farm, thereby destroying diversity jurisdiction.

#### B.

Davis cites <u>Faiman v. Travelers Property Casualty</u>, 99-60525 (E.D. Mich. Nov. 17, 1999) (Steeh, J.), in which another judge in this district held that section 1332(c)(1) applied to a dispute filed by an insured against the insurer such that the

plaintiff/insured's citizenship was imputed to the defendant/insurer. In other words, the district court held that a suit by an insured against the insurer was a "direct action" within the meaning of section 1332(c)(1). The district court in Faiman relied on the Court of Appeals for the Sixth Circuit's decision in Ford Motor Co. v. Ins. Co. of North Am., 669 F.2d 421 (6th Cir. 1982). In Ford, Ford suffered property damages when an explosion occurred on its premises. The catalyst of the explosion was delivered to Ford in a tank truck owned by a third party. Ford sued the third party's insurer under Michigan's no-fault act. Ford sued in federal court on the grounds of diversity jurisdiction. The Sixth Circuit held that the defendant/insurer was a citizen of the state of its insured, the unnamed third party. As Ford and the third party were citizens of Delaware, the Sixth Circuit held that diversity jurisdiction did not exist.[2]

State Farm, however, relies on the Sixth Circuit's more recent decision in Lee-

---

[2]Ford has an interesting history. The district court found in favor of the defendant/insurance company. Ford Motor Co. v. Ins. Co. of North Am., 494 F. Supp. 846 (E.D. Mich. 1980). On appeal, the Sixth Circuit addressed the issue of subject matter jurisdiction, ultimately concluding that diversity was lacking. Subsequently, the case proceeded in the Michigan state courts where the district court and the Michigan Court of Appeals also held for the insurance company. See Ford Motor Co. v. Ins. Co. of North Am., 157 Mich. App. 692 (1987). However, in Goodwin v. Bigelow Const., Inc. v. CH&P Drilling Co., 1996 WL 33364141 (Mich. Ct. App. Jun. 4, 1996), the Michigan Court of Appeals held that the substantive holding in Ford was no longer controlling in light of the Michigan Supreme Court's later decision in Bialochowski v. Cross Concrete, 428 Mich. 219 (1987), which interpreted coverage under Michigan's No-Fault Act.

It is also noted that the Sixth Circuit's decision in Ford has not been well-received in this and other circuits. See Rosa v. Allstate Ins. Co., 981 F.2d 669 (2d Cir. 1992) (declined to follow); Spooner v. Paul Revere Life Ins. Co., 578 F. Supp. (E.D. Mich. 1984) (disagreed with); Redmon v. Sumitono Marine Mgmt., Inc., 179 F. Supp. 2d 787 (N.D. Ohio 2001) (disagreement recognized); Tatar v. Liberty Mut. Fire Ins. Co., 214 F. Supp. 2d 834 (S.D. Ohio 2002) (declined to extend); Johnson v. Fireman's Fund Ins. Co., 2002 WL 32121839 (N.D. Ohio Jan. 15, 2002) (distinguished). Indeed, the Ford decision appears to be somewhat of an aberration in the context of the application of § 1332(c)(1).

3

Lipstreu v. Chubb Group of Ins. Co., 329 F.3d 898 (6th Cir. 2003).  In Lee-Lipstreu, the Sixth Circuit considered whether a Scott-Pontzer[3] claim under Ohio law, in which an employee sues its employer's insurance carrier to recover underinsured motorist benefits, is a "direct action" under § 1332(c)(1).  The Sixth Circuit held that it was not, explaining:

> This application of the direct action provision of § 1332(c)(1) ignores a fundamental concept of a Scott-Pontzer claim – that the entire suit rests on the conclusion that the employee is the insured under the policy.  Thus, in a Scott-Pontzer claim, the insured sues her own insurance carrier.  The insured obviously is not joined as a party-defendant because the insured is the plaintiff.  **Applying the direct action provision to a dispute solely between an insured and her own insurance company would result in an absurdity – federal courts would never hear common insurance disputes because the insured and the insurer, the plaintiff and the defendant, would always be considered citizens of the same state**.  We recognize that the direct action provision applies in certain situations involving insureds and insurers, but we conclude that it does not apply here.  This result comports with the conclusion reached by our sister circuits that when an injured party sues her own uninsured motorist carrier, it is not a direct action.  See, e.g., McGlinchey v. Hartford Accident & Indem. Co., 866 F.2d 651, 652-53 (3d Cir. 1989); Tuck v. United Servs. Auto Ass'n, 859 F.2d 842, 847 (10th Cir. 1988).

Lee-Lipstreu, 329 F.2d 899-900 (emphasis added).

In Henry v. Wausau Business Ins. Co., 351 F.3d 710 (6th Cir. 2003), the executor of an insured's estate brought suit against the decedent's insurer to determine coverage.  The Sixth Circuit noted that federal jurisdiction was proper, stating:

> The district court had jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Lee Lipstrue v. Cubb Ins. Co., 329 F.3d 898-900 (6th Cir. 2003) (holding that federal courts have jurisdiction over action by an insured against his or her own insurance company if the two parties are diverse because such actions are not direct actions within the meaning of 28 U.S.C. § 1332(c)(1)).

Id. at 713.

---

[3] Scott-Pontzer v. Liberty Mut. Fire & Ins. Co., 85 Ohio St. 3d 660 (Ohio 1999).

Likewise, another judge in this district, following Lee Lipstrue, held that an action by an insured against its insurer relating to coverage was not a direct action, thereby denying plaintiff's motion to remand.  See Scott v. State Farm, 04-72255 (E.D. Mich. Aug. 18, 2004) (Tarnow, J.).

Based on the Sixth Circuit's holding in Lee Lipstrue, Davis' suit against State Farm for coverage is not a direct action under § 1332(c)(1).  To the extent that the Sixth Circuit's prior ruling in Ford may suggest otherwise, it is important to note that the plaintiff in Ford was not suing its own insurance carrier.  Thus, in Ford, the Sixth Circuit was not presented with the circumstance of an insured suing its insurer but rather where a plaintiff was suing a third-party's insurer.  Lee Lipstrue addressed the application of § 1332(c)(1) where an insured sues its own insurer and clearly held that such actions are not direct actions.

Because § 1332(c)(1) does not apply, diversity jurisdiction exists under § 1332 because, as noted above, Davis and State Farm are citizens of different states and the requisite amount in controversy is satisfied.

The Deputy Clerk shall send out a scheduling order.

SO ORDERED.

Dated:  August 18, 2005
            s/Avern Cohn
            AVERN COHN
         UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was sent to counsel of record on this date, August 18, 2005, by electronic and/or ordinary mail.

            s/Julie Owens
          Case Manager, (313) 234-5160