UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DAVIS,

    Plaintiff,

v.                                                                    Case No. 05-72354

STATE FARM AUTOMOBILE
INSURANCE COMPANY,                                HONORABLE AVERN COHN

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR CERTIFICATION FOR INTERLOCUTORY REVIEW

I.

This is an insurance dispute.  Plaintiff Michael Davis is suing defendant State Farm Mutual Automobile Insurance Company (State Farm) for breach of contract for refusal to provide coverage for expenses incurred after an automobile accident.

Davis filed a motion to remand.  The Court denied the motion.  See Memorandum and Order filed August 18, 2005.

Before the Court is Davis' motion for certification for interlocutory review of the Court's order denying remand.  For the reasons that follow, the motion is DENIED.

II.

Davis sued State Farm claiming breach of contract and seeking a declaration of coverage as to his rights under a State Farm policy as a result of an automobile accident.

Davis is a citizen of Michigan. State Farm is an Illinois corporation with its principal place of business in Illinois. It is undisputed that Davis seeks in excess of $75,000.000. Thus, diversity of citizenship appears to exist.

Davis' motion for remand, however, raised the question of whether 28 U.S.C. § 1332(c)(1)[1] applies to the dispute such that Davis' Michigan citizenship is imputed to State Farm, thereby destroying diversity jurisdiction. The Court found that Davis' citizenship was not imputed to State Farm and therefore diversity jurisdiction exists.

Davis says that interlocutory review is warranted because the question of whether a no-fault insurer in Michigan (State Farm) is considered a citizen of the state of its insured (Davis) under 28 U.S.C. § 1332(c)(1) in an action brought by the insured against its no-fault insurer seeking coverage is not settled in this Circuit. Davis says that the holdings of the Court of Appeals for the Sixth Circuit in Ford Motor Co. v. Ins. Co. of North Am., 669 F.2d 421 (6th Cir. 1982) and Lee-Lipstreu v. Chubb Group of Ins. Co., 329 F.3d 898 (6th Cir. 2003) are conflicting. Davis says that an interlocutory appeal is necessary to resolve the conflict and clarify the issue of diversity jurisdiction under § 1332(c)(1).

III.

28 U.S.C. § 1292(b) provides:

(b) When a district judge, in making in a civil action an order not otherwise

---

[1] 28 U.S.C. § 1332(c)(1) provides:
In any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the state of which the insured is a citizen.

appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

In denying Davis' motion to remand, the Court analyzed the holdings in Ford Motor Co. and Lee-Lipstreu and explained why Lee-Lipstreu is controlling. The Court finds no basis to certify the issue for interlocutory review, especially because Davis may raise the issue on appeal after issuance of a final decision.

SO ORDERED.

      s/Avern Cohn  
AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 16, 2005, by electronic and/or ordinary mail.

      s/Julie Owens  
Case Manager  
(313) 234-5160

3